MURPHY (ULLMAN v.). See Case No. 14,325.

MURPHY (UNITED STATES v.). See Cases Nos. 15,837–15,841.

---

## Case No. 9,953.

### In re MURRAY et al.

[14 Blatchf. 43.] [1]

Circuit Court, S. D. New York. Nov. 11, 1876.

BANKRUPTCY—DISCHARGE—PETITION FOR REVIEW—DELAY.

A discharge in bankruptcy was granted by the district court, June 22d, 1875. A creditor who had opposed the discharge instituted, on the 15th of November following, proceedings of review. His interest was $6,000 out of $300,000 of debts. On the faith of the discharge, the bankrupt, aided by friends, had resumed his former business, and had entered into contracts with a foreign government to transport mails: Held, that, as the delay was unreasonable, and had operated to the prejudice of the bankrupt, the petition of review must be dismissed.

[Approved in Re Herman, Case No. 6,405.]

[In the matter of D. Colden Murray and others, bankrupts.]

Austin G. Fox, for creditors.
John Sherwood, for bankrupts.

JOHNSON, Circuit Judge. The bankrupts obtained a decree of discharge on the 22d of June, 1875, in the district court for the Southern district of New York, where they had been adjudged to be bankrupts on the petition of certain of their creditors. Certain of their creditors, namely, the Marine Na-

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

tional Bank of the city of New York, C. C. Abel and Christian Bors, now apply to have the decree granting the discharge revised and reversed, upon certain grounds on which they opposed the granting of the discharge by the district court. The petition of review bears date October 15th, 1875, but appears first to have been brought to the attention of the court on the 13th of November, 1875, when an order to show cause why the prayer of the petition should not be granted was made. This was served on the attorney for the bankrupts on the 15th of November, 1875, which must, therefore, be taken to be the time of the institution of the proceedings to obtain a review. In excuse for this delay it is alleged, that, on or about the 28th of July, 1875, the papers of the district court were removed from the old clerk's office in Chambers street to the new court house, and that, in the removal, the testimony in the case became mislaid and inaccessible to the petitioners, until a period after the time of the application for a review. This very statement, however, makes it obvious that there is nothing in the excuse, because, when the application was actually made, the same papers were lacking, and yet their absence did not make it either impossible or difficult to make the application for review. For the absence of these papers the discharged bankrupts were in no sense responsible, and, even if, on the petition of review, it had become necessary for the petitioners to apply for a postponement of the hearing, in order that an opportunity should be afforded to obtain the papers, the bankrupts would have had notice that such an application was pending, and might have governed themselves accordingly. The statute which gives the right to the circuit court of general supervision over proceedings in bankruptcy has not fixed any limitation of time within which its interposition must be invoked. In the cases in which appeals are allowed, the time to appeal is fixed at ten days. In the Southern district of Ohio, the circuit court adopted an express rule limiting the time for a petition of review to ten days, or such further time as might be allowed by the district judge, by an order made within the ten days. 2 Gazz. Bankr. Dig. 1128. In the supreme court of the United States, in Bank v. Cooper, 20 Wall. [87 U. S.] 171, that court declared that the review must be sought within a reasonable time, which should generally be fixed with reference to the analogy furnished by the period fixed for appeal. In the case of Littlefield v. Delaware & H. Canal Co. [Case No. 8,400], Judges Clifford and Shepley, in the circuit court for the district of Massachusetts, say: "Discharge was denied on the 12th of May, 1869, and the petition was filed on the 30th of June in that year. Special injury is neither alleged or proved, and the court is of opinion, in view of all the circumstances, that the petition ought not to be rejected because it was not filed at an

earlier day. Until some rule is adopted on the subject, the court will not deprive the petitioner of a hearing on that ground, unless the delay is manifestly unreasonable, or has operated to the prejudice of the respondent." Bump, Bankr. (8th Ed.) p. 351. The present case is, in my opinion, such a one as is contemplated in the opinion cited. The discharged bankrupts had a right to assume, in the absence of any notice to the contrary, that their discharge, although it had been opposed, was acquiesced in by their creditors. Acting on this basis, they have, with the assistance of their friends, engaged again in the business of shipping merchants, in which they had previously been engaged, and have entered into, and are performing, important undertakings, of a quasi public nature, in respect to the transportation of the West India mails, with a foreign government. Now to revoke the discharge which was granted to them in the regular course of the administration of the bankrupt law, would involve in misfortune, not only themselves, but others who, relying on their discharge, have aided them or entered into new business relations with them. Under these circumstances, and adverting, also, to the small interest of the objecting creditors compared to the total amount of their debts, some six thousand dollars out of at least three hundred thousand dollars, I think the discretion of the court will be wisely exercised in refusing to entertain the application for a review. The petition is, therefore, dismissed.